1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOEL ROSS SEMPIER,

    Petitioner,

vs.

WARDEN LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00603-LRH-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and petitioner's motion for stay-abeyance.  The court finds that there is no good cause to stay this action.  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need to show cause why the court should not dismiss this action for lack of exhaustion of available state-court remedies.

    After a jury trial in the Second Judicial District Court of the State of Nevada, petitioner was found guilty of sexual assault.  Petitioner appealed the judgment of conviction, and the Nevada Supreme Court affirmed.  Sempier v. State, No. 61547 (Nev. June 13, 2013).[1]  Petitioner then filed a post-conviction habeas corpus petition in the Second Judicial District Court on November 7, 2013.[2]

---

[1]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29715 (report generated June 5, 2014).

[2]Petitioner alleges that he filed the petition on October 30, 2013, the same day that he mailed the federal petition to this court.  October 30 is probably when petitioner mailed the state petition to the state district court, and November 7 is probably when the state district court received the petition.

1   The court takes judicial notice of the Second Judicial District Court's docket in <u>State v. Sempier</u>,

2   No. CR11-2081.[3]  The petition still is pending in the Second Judicial District Court.  Petitioner

3   mailed his federal habeas corpus petition to this court on October 30, 2013.

4            Petitioner asks to stay this action because he is concerned that a federal petition filed after

5   the conclusion of his state post-conviction proceedings would be untimely pursuant to 28 U.S.C.

6   § 2244(d).  An untimely state post-conviction petition is not "properly filed" and does not toll the

7   federal period of limitation pursuant to § 2244(d)(2).  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417

8   (2005).  The Court addressed petitioner's concern:

9            [A] "petitioner trying in good faith to exhaust state remedies may litigate in state court for
         years only to find out at the end that he was never 'properly filed,'" and thus that his federal
10       habeas petition is time barred. . . .  A prisoner seeking state postconviction relief might avoid
         this predicament, however, by filing a "protective" petition in federal court and asking the
11       federal court to stay and abey the federal habeas proceedings until state remedies are
         exhausted. . . .  A petitioner's reasonable confusion about whether a state filing would be
12       timely will ordinarily constitute "good cause" for him to file in federal court.

13  <u>Id.</u> at 416 (citations omitted).

14           Petitioner should have no such confusion about the timeliness of his state post-conviction

15  petition.  On June 13, 2013, the Nevada Supreme Court decided his direct appeal.  On July 10,

16  2013, the Nevada Supreme Court issued its remittitur.  Petitioner had one year from the issuance of

17  the remittitur to file a post-conviction habeas corpus petition in state court.  Nev. Rev. Stat. §

18  34.726(1).  Petitioner filed his state post-conviction petition on November 7, 2013, well within the

19  one-year period of § 34.726(1).  This court has no doubt that the currently pending state post-

20  conviction petition is timely filed and qualifies for tolling of the federal one-year period pursuant to

21  28 U.S.C. § 2244(d)(2).  Furthermore, the starting date for the federal one-year period is later than

22  the starting date of the state one-year period.  The federal one-year period starts when the judgment

23  of conviction becomes final, and in petitioner's case that occurred after the ninety-day period for

24  filing a petition for a writ of certiorari with the Supreme Court of the United States expired.

25  <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 119-20 (2009).  <u>See also</u> Sup. Ct. R. 13(1).  The federal one-

26

27

28       [3]http://www.washoecourts.com/index.cfm?page=casedesc&case_id=cr11-2081 (report
     generated June 5, 2014).

-2-

year period started after September 11, 2013.  Fifty-seven days passed before petitioner filed his
state habeas corpus petition on November 7, 2013.  If petitioner does not obtain post-conviction
relief from the state courts, then he still has more than ten months to file a federal habeas corpus
petition after the conclusion of the state habeas corpus proceedings.  Under these circumstances,
there is no good cause for a stay.

The petition contains three grounds.  In ground 3, petitioner alleges, "The rulings rendered
by the Nevada State Courts were contrary to and/or a unreasonable application of (U.S. Supreme)
clearly established precedent."  That may be an argument for why this court should not defer to the
rulings of the state courts pursuant to 28 U.S.C. § 2254(d).  However, even if true, it would not
necessarily mean that petitioner is in custody in violation of the constitution or laws of the United
States.  See 28 U.S.C. § 2254(a).  Petitioner's other grounds still would need to have merit for the
court to make that determination.  Ground 3 is not addressable in federal habeas corpus, and the
court dismisses it.

Grounds 1 and 2 are claims of ineffective assistance of counsel.  Petitioner could not have
raised these claims on direct appeal, because Nevada requires such claims to be raised in a post-
conviction petition.  Gibbons v. State, 634 P.2d 1214 (Nev. 1981).  Petitioner himself states that he
has not yet presented these claims to the Nevada Supreme Court.  Before a federal court may
consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in
state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that
ground to the state's highest court, describing the operative facts and legal theory, and give that
court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365
(1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).  After disposing of ground 3, the
petition is completely unexhausted.  Petitioner will need to show cause why the court should not
dismiss this action for a lack of exhaustion.

Petitioner has submitted a motion for appointment of counsel.  Whenever the court
determines that the interests of justice so require, counsel may be appointed to any financially
eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district
court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  The petition is completely unexhausted and is likely to be dismissed.  In state court counsel is representing petitioner and probably is developing grounds for relief beyond the vague allegations that petitioner presents here.  Under the circumstances, appointment of counsel in this action is not warranted.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the motion for appointment of counsel, and the motion for stay-abeyance.

IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that the motion for stay-abeyance is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action for failure to exhaust the available state-court remedies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  No response is required at this time.

DATED this 9th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE